1

2                          UNITED STATES DISTRICT COURT

3                         NORTHERN DISTRICT OF CALIFORNIA

4

5    BRAIDAN C. COY,                          Case No. 21-cv-01344-PJH

6                    Plaintiff,

7             v.                              **ORDER DENYING MOTION TO
                                              ALTER OR AMEND JUDGMENT**
8    DONALD J. TRUMP, et al.,
                                              Re: Dkt. No. 17
9                    Defendants.

10

11          Plaintiff, an Indiana state prisoner proceeding pro se, filed a civil action against a

12   governmental entity.  The court denied the case at screening and plaintiff has filed a

13   motion to vacate, that the court construes as a motion to alter or amend the judgment

14   pursuant to Fed. R. Civ. P. 59(e).

15          A motion to alter or amend judgment under Rule 59 must be made no later than

16   twenty-eight days after entry of judgment.  *See* Fed. R. Civ. P. 59(e) (effective Dec. 1,

17   2009).  A motion for reconsideration under Rule 59(e) "'should not be granted, absent

18   highly unusual circumstances, unless the district court is presented with newly discovered

19   evidence, committed clear error, or if there is an intervening change in the law.'"

20   *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc).

21          Evidence is not newly discovered for purposes of a Rule 59(e) motion if it was

22   available prior to the district court's ruling.  *See Ybarra v. McDaniel*, 656 F.3d 984, 998

23   (9th Cir. 2011) (affirming district court's denial of habeas petitioner's motion for

24   reconsideration where petitioner's evidence of exhaustion was not "newly discovered"

25   because petitioner was aware of such evidence almost one year prior to the district

26   court's denial of the petition).

27          A district court does not commit clear error warranting reconsideration when the

28   question before it is a debatable one.  *See McDowell*, 197 F.3d at 1256 (district court did

United States District Court
Northern District of California

United States District Court
Northern District of California

1    not abuse its discretion in denying reconsideration where question whether it could enter

2    protective order in habeas action limiting Attorney General's use of documents from trial

3    counsel's file was debatable).

4            Plaintiff sought court intervention in obtaining his economic impact payment ("EIP")

5    pursuant to the Coronavirus Aid, Relief, and Economic Security Act (The "CARES Act"),

6    Pub. L. No. 116-136, 134 Stat. 281 (2020) and *Scholl v. Mnuchin*, 489 F. Supp. 3d 1008

7    (N.D. Cal. 2020).  Plaintiff was advised that he was not entitled to relief to the extent he

8    sought the court to compel the IRS to provide his EIP.  The court in *Scholl* found that the

9    EIP could not be denied only because an individual was incarcerated.  However, the

10   court was clear that it took no position on whether individual incarcerated plaintiffs were

11   owed the EIP, which is the relief sought in this case.  That responsibility fell to the IRS to

12   make an individual determination.  More importantly, funds cannot now be distributed

13   pursuant to the CARES Act.  The CARES Act imposed a deadline of December 31, 2020,

14   for EIPs to be made or allowed.  That deadline has passed, and no more funds may be

15   issued.

16           In this motion, plaintiff presents the same arguments from his complaint and has

17   failed to put forth newly discovered evidence or show clear error or an intervening change

18   in the law.  The extent plaintiff seeks damages for not being provided his EIP, that fails to

19   state a claim for relief.  To the extent plaintiff seeks to file an entirely separate action from

20   *Scholl* or the Cares Act, he may seek relief in the appropriate district.  Plaintiff's motion

21   (Docket No. 17) is **DENIED.**

22           **IT IS SO ORDERED.**

23   Dated: November 23, 2021

24

25                                            */s/ Phyllis J. Hamilton*

26                                            PHYLLIS J. HAMILTON
                                             United States District Judge

27

28